IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**FELIX ROSADO,**

    **Petitioner,**

v.                                      Case No. 5:06-cv-00696

**CHARLES T. FELTS, Warden,
FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 7, 2006, Petitioner, an inmate at FCI Beckley, Beaver, West Virginia, and acting pro se, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition)(docket sheet document # 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is presently serving a 100-month sentence at the Federal Correctional Institution at Beckley, West Virginia ("FCI Beckley"). Petitioner has filed a section 2241 petition challenging disciplinary action taken against him by the Bureau of Prisons ("BOP") on July 12, 2005. Specifically, Petitioner alleges

(1) that he was denied the right to appeal the disciplinary action because his appeal was not timely mailed by prison staff; (2) that the Disciplinary Hearing Officer ("DHO") was biased and had a conflict of interest; and (3) that the DHO's decision was against the great weight of the evidence. (# 1 at 8). As his relief, Petitioner requests that the DHO's decision be reversed and that his good time credit and other privileges be restored. (Id. at 9).

On September 14, 2006, the undersigned entered an Order to Show Cause requiring Respondent to show cause why a writ of habeas corpus should not be granted. (# 3).

On October 10, 2006, the United States filed a Response to Order to Show Cause. (# 6). The Response asserts that, on September 25, 2006, the DHO issued an amended report concerning Petitioner's disciplinary action, which afforded Petitioner a right to appeal the decision contained in the amended report. (Id., Decl. of Michael Snow, ¶¶ 4 and 5). Accordingly, Respondent asserts that Petitioner still has administrative remedies that he must exhaust before he can challenge the institutional disciplinary action in a writ of habeas corpus in federal court, and requests that this civil action be dismissed without prejudice. (Id. at 2).

On October 20, 2006, Petitioner filed a "Traverse" (# 7), stating that he has exhausted the administrative remedy process, and that the staff at FCI Beckley has "'destroyed or lost'" crucial material as noted in the exhibits." (Id. at 1).

## ANALYSIS

The documentation provided by Petitioner concerning his exhaustion of the administrative remedy process spans the time period between July 12, 2005 and December 5, 2005. Those documents indicate that Petitioner's attempts to appeal the DHO's July 12, 2005 decision were found to be untimely, and no decision on the merits of those appeals were made for that reason. However, according to Respondent's Response, an amended report was issued by the DHO on September 25, 2006, and, thus, Petitioner was afforded a new appeal period. Petitioner has not demonstrated that he has exhausted the renewed appeal process.

Accordingly, the undersigned proposed that the presiding District Judge **FIND** that Petitioner has not demonstrated that he has exhausted the administrative remedy process, as required, before filing the instant section 2241 petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's section 2241 petition (# 1), pending the resolution of the administrative remedy process.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

    January 23, 2007
           Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge